UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00189-GNS-HBB

JAMES P. BANGE                                                                                   PLAINTIFF

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (DN 21) regarding his Motion for Judgment on the Pleadings (DN 15). For the reasons discussed below, Plaintiff's Objection (DN 21) is **OVERRULED**, the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("R. & R.") (DN 20) is **ADOPTED**, and Plaintiff's Motion for Judgment on the Pleadings (DN 15) is **DENIED**.

### I.     BACKGROUND

Plaintiff filed a complaint seeking judicial review of the Commissioner's decision denying his claim for social security benefits. (Compl., DN 1). Magistrate Judge Brennenstuhl's R. & R. recommended that this Court find that substantial evidence supports the Commissioner's decision and that judgement be granted in the Commissioner's favor. (R. & R. 12, DN 20). Plaintiff then objected to the R. & R. (Pl.'s Obj. R. &. R., DN 21 [hereinafter Pl.'s Obj.]). The facts pertinent to Defendant's objections to the R. & R. are set forth below.

### A. Plaintiff's Application for Benefits, the ALJ's Decision, & the Complaint

Plaintiff filed an application for supplemental security income benefits on January 2, 2014. (Administrative R. at 171 [hereinafter R.]). In his application, Plaintiff alleged that a number of impairments—such as carpal tunnel, eye problems, hip and leg problems, depression, anxiety, and problems with reading and writing—rendered him disabled. (R. at 189).

An Administrative Law Judge ("ALJ") evaluated Plaintiff's claim pursuant to the evaluation process promulgated by the Commissioner. (R. at 28). In analyzing Plaintiff's claim, the ALJ considered four examining physicians' medical opinions. (R. at 21-22). The ALJ concluded that one of the opinions—that of Dr. Craig Cabezas ("Dr. Cabezas")—was not entitled to any weight because it was issued in July 2011 whereas Plaintiff claimed that he did not become disabled until June 7, 2013. (R. at 21, 86, 189). The ALJ nonetheless discussed Dr. Cabezas' opinion and agreed with it insofar as it concluded that Plaintiff's "full-scale score of 68" is likely inaccurate because Plaintiff's "adaptive functioning is at a higher level than is indicated by [the] score." (R. at 18, 446 ("While the [Plaintiff's] Full-Scale IQ score of 68 is in the deficient range, it is more likely that his overall intellect is in the borderline range.")). The ALJ used this finding to support his conclusion that Plaintiff was not disabled. (R. at 18). Further, the ALJ afforded some weight to the opinions of Drs. Ollie Dennis ("Dr. Dennis") and Lea Perritt ("Dr. Perritt"). (R. at 21). Notably, Drs. Dennis and Perritt expressed opinions regarding Plaintiff's purported mental limitations. (*See, e.g.*, R. at 350-51).

After reviewing the medical opinions and other evidence submitted, the ALJ determined that Plaintiff was not entitled to supplemental income. (R. at 28). The ALJ reasoned that, despite Plaintiff's impairments, his residual functional capacity to work allowed him to perform a significant number of jobs that exist in the national economy. (R. at 22-23).

Thereafter, Plaintiff requested that the Appeals Counsel review the ALJ's decision, and, when the Appeals Council denied Plaintiff's request, Plaintiff sought this Court's review. (R. at 1-6, 169-72; Compl.; Pl.'s Mem. Supp. Mot. J. Pleadings, DN 15-1 [hereinafter Pl.'s Mem.]). In his motion, Plaintiff argued, *inter alia*, that the ALJ erred when he failed to assign weight to Dr. Cabezas' medical opinion. (Pl.'s Mem. 1). To support this assertion, Plaintiff noted that the Sixth Circuit has previously held that evidence predating a disability is not automatically irrelevant. (Pl.'s Mem. 11 (citation omitted)). Plaintiff then argued that Dr. Cabezas' opinion was particularly relevant because it "provides objective support for Plaintiff's intellectual impairments and his inability to read and write." (Pl.'s Mem. 12).

B.     **Report & Recommendation**

The Magistrate Judge reviewed Plaintiff's claim and recommended that this Court find that Plaintiff is not entitled to relief because, *inter alia*, the ALJ did not err when he declined to give weight to Dr. Cabezas' report. (R. & R. 6-8). To support this finding, the Magistrate Judge noted that Dr. Cabezas' opinion was not entitled to controlling weight because he was an examining rather than treating physician. (R. & R. 7). As a result, the Magistrate Judge reasoned that Dr. Cabezas' opinion was at most entitled to some weight, depending on militation under the factors set forth in 20 C.F.R. § 404.1527(c).[1] (R. & R. 7); *see also Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375-76 (6th Cir. 2013). The Magistrate Judge then accepted the ALJ's conclusion that Dr. Cabezas' opinion was not entitled to weight because it predated Plaintiff's supposed disability and was superseded by more recent evaluations—some of which included findings consistent with

---

[1]Section 404.1527(c) provides that an ALJ must consider the following factors when determining the weight to afford an examining physician's opinion: (1) "[e]xamining relationship," (2) "[t]reatment relationship," including the "[l]ength of the treatment relationship and the frequency of examination" and the "[n]ature and extent of the treatment relationship," (3) "[s]upportability," (4) "[c]onsistency," (5) "[s]pecialization," and (6) any other pertinent factors.

3

Dr. Cabezas' opinion. (*Compare* R. at 19, *with* R. at 442-48). Though the Magistrate Judge acknowledged that the ALJ did not explicitly discuss the 20 C.F.R. § 404.1527(c) factors, he reasoned that nothing in the regulations requires an ALJ to subject a non-treating physician's medical opinion to a factor-by-factor analysis when determining the amount of weight to assign it. (R. & R. 7 (citation omitted)). Finally, the Magistrate Judge reasoned that any error the ALJ may have committed in rejecting the opinion was harmless because most of the information contained in it was duplicative of information contained in the medical opinions to which the ALJ assigned weight. (R. & R. 8).

Plaintiff subsequently objected to the Magistrate Judge's recommendation, arguing that the Magistrate Judge erred when he credited the ALJ's decision not to afford Dr. Cabezas' opinion any weight. (Pl.'s Obj. 2-10). Defendant's Objection is ripe for adjudication.

## II.     JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. *See* 42 U.S.C. § 405(g).

## III.     STANDARD OF REVIEW

The parts of a Magistrate Judge's R. & R. to which objections are raised are reviewed by the district judge *de novo*. 28 U.S.C. § 636(b)(1). This differs from the standard applied to the Commissioner's decision. That decision, rendered by an ALJ, is reviewed to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted). Evidence that a "reasonable mind might accept as adequate to support a conclusion" is substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted) (citation

4

omitted). It is "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241 (internal quotation marks omitted) (citation omitted). Where substantial evidence supports the ALJ's decision, a court is obliged to affirm. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted). A court should not attempt to second-guess the factfinder with respect to conflicts of evidence or questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted).

## IV.　**DISCUSSION**

Plaintiff essentially mounts two objections to the R. & R. First, Plaintiff argues that the ALJ violated 20 C.F.R. § 404.1527(c) when he failed to evaluate Dr. Cabezas' opinion for weight, and that, to the extent he did evaluate that opinion, he was required to expressly state "good reasons" for rejecting it rather than simply dismissing it as dated. (Pl.'s Obj. 2-5). Second, Plaintiff objects to the Magistrate Judge's harmless error analysis. (Pl.'s Obj. 5-7). Plaintiff maintains that federal regulations and Sixth Circuit precedent support his arguments. (Pl.'s Obj. 2-9). The Court will address each objection.

Plaintiff's first objection fails. At the outset, the ALJ assessed Dr. Cabezas' opinion, found it dated, and decided to disregard it. (*See* R. at 18-19, 21). Accordingly—and contrary to Plaintiff's position—the ALJ did not violate 20 C.F.R. § 404.1527(c). In addition, there is no indication that the ALJ disregarded the factors set forth in 20 C.F.R. § 404.1527(c)(1)-(6) in rejecting the opinion. Though the ALJ did not expressly set forth each factor and explain how it impacted his analysis, case law holds that ALJs are not required to conduct a factor-by-factor evaluation of an opinion prior to rejecting it.[2] *See Buchert*, 2014 WL 1304993, at *7.

---

[2] A sister court has concluded that and that an ALJ's failure to discuss the 20 C.F.R. § 404.1527(c) factors is "no reason to speculate that the ALJ did not . . . consider them." *Buchert v. Comm'r of*

5

Moreover, the ALJ did not err when he rejected the opinion on the ground that it predated the alleged onset of Plaintiff's disability or when he dismissed it without providing "good reasons." Though the Sixth Circuit "do[es] not endorse the position that . . . medical records predating the alleged date of the onset of disability" are automatically irrelevant, it has never held that an ALJ *must* consider a dated medical opinion. *See DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x 411, 414 (6th Cir. 2006). Quite the contrary, the Sixth Circuit has concluded that an ALJ's failure to consider a dated medical opinion is harmless when the dated opinion is largely duplicative of more recent information. *See id.* Likewise, Plaintiff's reliance on *Wilson v. Commissioner of Social Security*, 378 F.3d 541 (6th Cir. 2004), for the proposition that the ALJ was required to provide "good reasons" for not crediting Dr. Cabezas' opinion is misguided. (Pl.'s Obj. 6). That case dealt with a situation in which the ALJ rejected a *treating* physician's opinion without providing good reasons for doing so. *Wilson*, 378 F.3d at 545-46. The "good reasons" requirement, however, is inapplicable in situations involving examining physicians.[3] *See* 20 C.F.R. § 404.1527(c)(2). Accordingly, none Plaintiff's objections regarding the Magistrate Judge's acceptance of the ALJ's decision to reject Dr. Cabezas' opinion have merit.

Plaintiff's second objection—that the Magistrate Judge erred when he concluded that any error the ALJ committed in declining to give Dr. Cabezas' opinion weight was harmless—is similarly unavailing. (Pl.'s Obj. 5-8). The Magistrate Judge reasoned that any error that resulted from rejecting Dr. Cabezas' opinion was harmless because the ALJ gave weight to two other, more recent medical opinions—both of which contained most of the information stated in Dr. Cabezas'

---

*Soc. Sec.*, No. 3:13-CV-01418, 2014 WL 1304993, at *7 (N.D. Ohio Mar. 27, 2014) (quoting *Cooper v. Astrue*, No. 1:10CV-00012-J, 2010 WL 5557448, at *7 (W.D. Ky. Oct. 15, 2010)).
[3] As noted, the Magistrate Judge agreed with the ALJ that Dr. Cabezas was an examining physician, and Plaintiff has not objected to that finding.

6

opinion. (R. & R. 8). This conclusion comports with common sense and Sixth Circuit precedent. *See DeBoard*, 211 F. App'x at 414 (reasoning that error, if any, stemming from ALJ's failure to give weight to dated records was harmless because the disregarded records were duplicative of evidence that the ALJ considered). In addition, despite Plaintiff's argument to the contrary, the fact that that certain of the information in Dr. Cabezas' opinion—such as information related to Plaintiff's IQ score—was not contained in any of the other medical opinions does not change this result, as the ALJ's opinion clearly discusses Dr. Cabezas' findings regarding Plaintiff's IQ. (R. 18-19). Thus, Plaintiff's objections fail to cast doubt on the Magistrate Judge's recommendation, and that recommendation will be adopted in full.

## V.   CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** as follows:

1.   Plaintiff's Objection (DN 21) is **OVERRULED** and the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 20) is **ADOPTED AS AND FOR THE OPINION OF THIS COURT.**

2.   Plaintiff's Motion for Judgment on the Pleadings (DN 15) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
August 21, 2018

cc:   counsel of record